**In re Jack Cloyde TWEED, Debtor.**

**Bankruptcy No. 3-87-00064.**

United States Bankruptcy Court, E.D. Tennessee.

Aug. 10, 1987.

Gerald C. Russell, Maryville, Tenn., for debtor.

Jerry G. Cunningham, Maryville, Tenn., for Margaret Jean Tweed.

## MEMORANDUM AND ORDER

RICHARD STAIR, Jr., Bankruptcy Judge.

This is an action initiated by debtor's motion to hold Margaret Jean Tweed, his former wife, in contempt for violation of the automatic stay imposed by 11 U.S.C.A. § 362(a) (West 1979 & Supp.1987).[1] By his motion, the debtor also seeks to stay contempt proceedings pending against him in the Circuit Court for Blount County, Tennessee.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A) (West Supp.1987).

### I

The debtor and his former wife, Margaret Jean Tweed, were divorced upon her complaint under the provisions of a "Final Decree" entered in the Circuit Court for Blount County, Tennessee, on March 4, 1986. On October 14, 1986, an agreed order was entered in the Circuit Court proceeding disposing of all issues raised in a Petition For Contempt filed by Mrs. Tweed in April.[2] Among the provisions of the October 14, 1986 order is a directive that "for compensation for any injury and medical expenses for the Plaintiff's hand, the ... [debtor] shall pay and hold Plaintiff harmless" from debts due I.T.T. Financial Services, Commercial Credit, and United

Companies Mortgage of Tennessee, Inc., totalling in excess of $9,000.00.[3]

The debtor filed his voluntary petition under Chapter 7 of Title 11 of the United States Code on January 12, 1987. I.T.T. Financial Services, Commercial Credit, United Companies Mortgage of Tennessee, Inc., and Margaret Jean Tweed are listed in the debtor's schedules and were notified of the filing of his bankruptcy petition. On January 13, 1987, pursuant to Bankruptcy Code § 342(a) and Fed.R.Bankr.P. 2002(a)(1), the clerk of this court mailed to all creditors a copy of the court's order for a first meeting of creditors which included the following notice of the automatic stay: "Upon filing of the petition, certain acts and proceedings against the debtor and the estate are stayed as provided in 11 U.S.C. § 362(a)."

On April 29, 1987, the debtor filed a "Motion To Hold A Creditor In Contempt For Violating The Stay Order And To Stay A Hearing On The Debtors [sic] Debts In The Circuit Court For Blount County, Tennessee." In his motion, the debtor asserts that his former wife has filed a Petition For Contempt in the Blount County Circuit Court alleging that he is in arrears on the three debts he was directed to pay under the provisions of the October 14, 1986 order of that court and that Mrs. Tweed is thus violating the automatic stay provisions of § 362(a). The debtor's motion was heard on June 11, 1987. Margaret Jean Tweed did not appear, but she was represented by her attorney, Jerry Cunningham. The debtor was the only witness to testify.

---

1. Section 362(a) provides:

   Except as provided in subsection (b) [inapplicable here] of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

   .  .  .  .  .

   (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
   . . . .

   11 U.S.C.A. § 362(a) (West 1979 & Supp.1987).

2. The April, 1986 Petition For Contempt is not a part of the record in this proceeding. The October 14, 1986 order of the Blount County Circuit

Court provides in part that "Part of the Defendant's [should be "Plaintiff's"] said Petition for Contempt raises an action for compensation for certain personal injury and personal property which the Plaintiff alleges the Defendant has in his possession...."

3. The October 14, 1986 order refers to a debt due "U.M.C. for the Ford Thunderbird for approximately $2,050.00." In Schedule A–2 filed with his bankruptcy petition, the debtor lists a debt approximating $2,500.00 owing United Companies Mortgage of Tennessee, Inc., secured by a 1978 Ford Thunderbird. The court presumes these creditors to be one and the same.

## II

The proof is undisputed. On January 16, 1987, four days after the debtor filed his bankruptcy petition, Margaret Jean Tweed filed a Petition For Contempt in the Circuit Court for Blount County, Tennessee, seeking a determination that the debtor was in willful contempt of orders of the Circuit Court requiring him to pay child support and "certain indebtednesses."[4]

On April 2, 1987, the debtor's attorney, Gerald C. Russell, wrote Mrs. Tweed's attorney the following letter:

April 2, 1987

Jerry Cunningham, Attorney

P.O. Drawer Q

Maryville, TN 37803–1206

Re: Tweed v. Tweed No. E–11433

Dear Jerry:

Enclosed is the executed Quitclaim Deed for your client. Also, Mr. Tweed is willing to put down on the order what child support arrearages are and be ordered by the Court to notify me of when he begins employment, and if we then can't set an amount of arrearage payment each week, you can set it for hearing. Mr. Tweed complied with the Court Order when he got his belongings.

The three debts in that order are dischargeable.

Can we settle?

Very truly yours,

Gerald C. Russell

Mr. Cunningham responded to Mr. Russell's letter on April 13, 1987, as follows:

Mr. Gerald C. Russell

Attorney at Law

P.O. Box 491

Maryville, Tennessee 37803–0491

RE: *Tweed vs. Tweed*

Dear Gerald:

I have received your letter of April 2, 1987, and Mrs. Tweed is not willing to enter into any agreement with Mr. Tweed in view of the way he cut her throat on the indebtedness agreement he made. I feel strongly that at the time that agreement was made, bankruptcy plans had already been laid. Accordingly, I feel we have had our throats cut, and based on this and other things that Mr. Tweed has done, I feel that he should visit Sheriff Mills for a period of time, and I really feel that Judge Crawford will put him down there.

As you know, we had him in a firm grasp on the downhill run when he broke her hand, and we compromised that in order to get these debts taken care, and he simply knifed us on it. Therefore, I am not willing to compromise one ioata relative to Mr. Tweed, and I certainly hope he enjoys the summer in the Blount County Jail.

Sincerely,

Jerry G. Cunningham

Undisputedly, the dialogue between these two attorneys relates to the Petition For Contempt filed by Mrs. Tweed on January 16, 1987, seeking to have the debtor held in contempt for failure to pay child support and the three debts set forth in the Blount County Circuit Court order of October 14, 1986.

The debtor testified that subsequent to Mrs. Tweed's filing of the Petition For Contempt on January 16, 1987, he was arrested by the Blount County Sheriff; that he was required to post bail to obtain his release from jail;[5] that his attorney was charging him a fee of $400.00 for representing him in the filing of this motion; and that he missed a day's work consisting

---

4. The Petition For Contempt asserts that "pursuant to the Final Decree the ... [debtor] was ordered to pay to the Petitioner the sum of $30.00 per week as child support and certain indebtednesses." The Final Decree does not require the debtor to pay any debts of the parties. As evidenced by the record in the instant proceeding, the only debt obligations imposed upon the debtor in the divorce action are pursuant to the Blount County Circuit Court order of October 14, 1986.

5. The debtor did not testify as to the date of his arrest. Presumably this incident occurred after he filed his April 29, 1987 "Motion To Hold A Creditor In Contempt For Violating The Stay Order And To Stay A Hearing On The Debtors [sic] Debts In The Circuit Court For Blount County, Tennessee," as his motion does not refer to this event.

of ten to twelve hours at $5.00 per hour in attending the hearing on his motion.

### III

Section 362 of title 11 provides in material part:

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C.A. § 362(h) (West Supp.1987).

The debtor's right to protection of the automatic stay under § 362(a) and his right to damages under § 362(h) for violation of the stay are congressionally created rights under title 11. The protection afforded by the automatic stay is the foundation upon which debtor relief is premised under the Bankruptcy Code. As the legislative history to § 362 makes clear:

The automatic stay is *one of the fundamental debtor protections provided by the bankruptcy laws.* It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 340, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6296–97 (emphasis added).

The violation of the automatic stay provisions of § 362(a) by Mrs. Tweed and her attorney is clear and uncontradicted. At no time has Mrs. Tweed sought a determination from this court as to the dischargeability of the debtor's debt repayment obligations as fixed by the October 14, 1986 order of the Blount County Circuit Court.[6] Mrs. Tweed and her attorney continued to pursue their debt collection efforts through the Blount County Circuit Court with full knowledge of the debtor's pending bankruptcy case and went so far as to have the debtor placed in jail. The only unresolved issue which concerns the court is whether Mrs. Tweed or her attorney bears primary responsibility for these actions. A review of Mr. Cunningham's letter of April 13, 1987, leads the court to the conclusion that he must bear considerable responsibility for the actions which have taken place.

Pursuant to § 362(h) the court awards actual damages to the debtor in the amount of $460.00, which includes attorney fees owing debtor's attorney, Gerald Russell, in the amount of $400.00. These damages are to be paid by Margaret Jean Tweed and/or her attorney, Jerry Cunningham. Further, while the court believes that the facts of this case warrant the imposition of punitive damages, the court takes into consideration the presumed financial circumstances of Mrs. Tweed and the domestic difficulties which have confronted these parties for the past several months. Punitive damages will therefore not be awarded. In the absence of a determination of dischargeability, Mrs. Tweed is, however, prohibited and enjoined from proceeding with any present or future action in the Blount County Cir-

---

**6.** While the court does not have the issue of dischargeability of the debtor's obligations, if any, to Mrs. Tweed before it, it is apparent that such issue would require a determination under the provisions of § 523(a)(5) which provides in material part:

(a) A discharge under § 727 ... of this title does not discharge an individual debtor from any debt—

. . . . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree ... or property settlement agreement....

11 U.S.C.A. § 523(a)(5) (West Supp.1987).

cuit Court seeking to enforce the provisions of the October 14, 1986 order directing the debtor to pay and hold her harmless for those debts owing I.T.T. Financial Services, Commercial Credit, and United Companies Mortgage of Tennessee, Inc.

SO ORDERED.