**In re James Lowell BARBOUR, SS#: 237–60–7431, Inez Bunce Barbour, SS#: 246–56–5934, Debtors.**

**Bankruptcy No. 86–01084–SA3.**

United States Bankruptcy Court, E.D. North Carolina.

Aug. 28, 1987.

Ocie F. Murray, Jr., Fayetteville, N.C., for debtors.

Joel S. Jenkins, Jr., Fayetteville, N.C., for James L. Waller.

C. Christopher Smith, Lumberton, N.C., trustee.

## MEMORANDUM OPINION AND ORDER

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the Motion for Certificate of Contempt filed by the debtors, James Lowell Barbour and Inez Bunce Barbour, on July 17, 1987. A hearing was held in Raleigh, North Carolina, on August 17, 1987.

Mr. and Mrs. Barbour filed a petition under chapter 7 of the Bankruptcy Code on May 5, 1986; the debtors' discharge was entered on March 13, 1987. On May 18, 1987, with full knowledge of the debtors' bankruptcy petition, Mr. Barbour's former business associate, James L. Waller, filed a lawsuit in the North Carolina General Court of Justice, Superior Court Division, in Cumberland County, naming Mr. and Mrs. Barbour as defendants (along with several other partnerships and corporations). The lawsuit sought to recover from the defendants the sum of $233,950.00. After the Motion for Certificate of Contempt was filed, Mr. Waller took a voluntary dismissal of the lawsuit as to Mr. and Mrs. Barbour on July 22, 1987.

Mr. Barbour testified that he and Mr. Waller had been friends, but that their personal relationship had deteriorated after the bankruptcy. Mr. Barbour testified that Mr. Waller had personal knowledge of the bankruptcy and commenced the lawsuit.

■ Mr. Waller filed a response in which he admits having prior knowledge of the bankruptcy. The response goes on to state that Mr. Waller and his attorney "were also informed that the said bankruptcy had been concluded." Neither Mr. Waller nor his attorney, however, appeared at the hearing on August 17th to explain their violation of the discharge injunction under 11 U.S.C. § 524(a)(2). Accordingly, the court finds that James L. Waller intentionally violated the discharge injunction of 11 U.S.C. § 524(a)(2) by bringing the lawsuit against Mr. and Mrs. Barbour.

■ It is difficult to assess damages to compensate Mr. and Mrs. Barbour for the humiliation, inconvenience and anguish they experienced because of Mr. Waller's lawsuit. Mr. Barbour testified that he moved to a new community after filing the bankruptcy petition to begin a new life. His efforts to finance a new home, however, were frustrated by the lawsuit filed by Mr. Waller. Mr. Barbour also was required to be away from his business to attend the hearing on August 17th at a cost of at least $200 in income. The court finds that Mr. and Mrs. Barbour should be compensated in the amount of $500 for the damages they sustained as a result of Mr. Waller's intentional violation of the discharge injunction. Additionally, the debtors incurred reasonable attorney's fees of $400 for which they should be compensated.

The Bankruptcy Code is designed to give honest debtors a fresh financial start. Immediately upon the filing of a bankruptcy petition, debtors are protected from creditor harassment by an automatic stay. 11 U.S.C. § 362(a). When a discharge is granted in a chapter 7 case, the automatic stay terminates (11 U.S.C. § 362(c)(2)(C)), but the stay is replaced by a permanent discharge injunction which, among other things, "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2).

■ The discharge and the discharge injunction are the most important components of a debtor's fresh start. Violations of the discharge injunction are not to be treated lightly—intentional violations will not be tolerated by this court.

Courts are divided on the bankruptcy court's authority to find persons in contempt for violation of the bankruptcy court's orders. *Budget Service Company v. Better Homes of Virginia, Inc.*, 804 F.2d 289, 291 n. 3 (4th Cir.1986). It is clear, at least in the Fourth Circuit, that bankruptcy judges may impose sanctions for violations of the automatic stay under 11 U.S.C. § 362(h). Although imposing sanctions for the violation of the discharge injunction

would be analogous to imposing sanctions for violating the automatic stay, there is a difference—there is no counterpart to § 362(h) in § 524. Notwithstanding the lack of specific statutory authority in § 524, the bankruptcy court has the authority as a unit of the district court (28 U.S.C. § 151) to which all bankruptcy cases have been referred (28 U.S.C. § 157(a); General Order of Reference dated August 3, 1984) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). This necessarily includes orders imposing sanctions for violating the discharge injunction.

If a proceeding to prosecute a violation of the automatic stay is a core proceeding, as held in *Budget Service Company v. Better Homes of Virginia, Inc.*, 804 F.2d at 292, then so too should a proceeding to prosecute a violation of the discharge injunction. There is nothing more essential to a bankruptcy case than the preservation of the integrity of a debtor's discharge.

The court is of the opinion that it has the authority to impose sanctions for the violation of the discharge injunction and has done so in this order. If the court is incorrect in that belief, Mr. Waller has the right to appeal to a district court and the district court judge can easily rectify the mistake by proceeding under Bankruptcy Rule 9020 (and by applying the *de novo* standards for review provided in Bankruptcy Rule 9033).

 There is one further option that the court will make available to Mr. Waller—upon request made within ten (10) days, the bankruptcy court will schedule a rehearing of this matter. The opportunity for a rehearing is given because the debtors' motion referred to a violation of the automatic stay of § 362(a) rather than a violation of the discharge injunction of § 524. If a rehearing is requested, the court will also reconsider the amount of attorney's fees to be awarded to debtors' counsel for having to prosecute the violation. Accordingly,

IT IS HEREBY ORDERED that James L. Waller shall pay to the debtors, James Lowell Barbour and Inez Bunce Barbour, the sum of $900 as a sanction for Mr.

Waller's willful violation of the discharge injunction of 11 U.S.C. § 524(a)(2) and shall furnish evidence of payment to the Clerk.