In re Ralph B. FREELS a/k/a Ralph Bentley Freels, Debtor.

Ralph B. FREELS, Plaintiff,

v.

Loretta RUSSELL (Freels), Defendant.

Bankruptcy No. 3–86–02455.
Adv. No. 3–87–0020.

United States Bankruptcy Court,
E.D. Tennessee.

Sept. 29, 1987.

Donald K. Vowell, Knoxville, Tenn., for plaintiff.

Dennis E. Blevins, Kingston, Tenn., for defendant.

## MEMORANDUM

RICHARD STAIR, Jr., Bankruptcy Judge.

Contending that defendant, his former wife, is in violation of the automatic stay of 11 U.S.C.A. § 362 (West 1979 & Supp. 1987), the debtor filed his "Complaint For Temporary Restraining Order, Preliminary Injunction, And Permanent Injunction" on February 10, 1987.[1] On February 11, 1987, this court entered a "Temporary Restraining Order" restraining defendant from proceeding with an action, in the General Sessions Court for Roane County, Tennessee, seeking to increase periodic alimony payments awarded to her under the provisions of a final decree of divorce. On February 18, 1987, by agreement of the parties, the

Temporary Restraining Order was extended pending a final hearing on debtor's complaint.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A) (West Supp.1987).

### I

Defendant obtained a divorce from the debtor on September 24, 1986, in the General Sessions Court of Roane County, Tennessee. That court's "Final Decree" recites in part:[2]

> [T]his is a proper case for an award of rehabilitative alimony to be paid by the defendant to the plaintiff for her maintenance and support, and accordingly, the defendant is ORDERED to pay to the plaintiff the sum of Fifty Dollars ($50) per week beginning Friday, September 19, 1986 and continuing on the same day of each week thereafter for six (6) months.

Additionally, the divorce decree requires the debtor to "discharge all marital debts incurred by the parties during the term of their marriage" and to hold Loretta Russell Freels "harmless from any liability thereon."

In addition to periodic alimony, defendant was awarded a 1979 GMC truck and several other items of personal property, all of which are specifically identified in the divorce decree. The award of personal property is not categorized in the divorce decree as alimony or support.

On December 19, 1986, subsequent to the filing of debtor's Chapter 13 petition, defendant filed a "Motion To Alter Or Amend Judgment" in the state court proceeding. Her motion recites the prior award of alimony; that the debtor was ordered to pay marital debts; that the debtor filed a bankruptcy petition on November 20, 1986; that she was awarded certain items of personalty which have been sold by the debtor; and

---

1. The debtor commenced his bankruptcy case by filing a voluntary petition under Chapter 13 of title 11 of the United States Code on November 20, 1986. On June 10, 1987, the debtor's Chapter 13 case was converted to a case under Chapter 7.

2. Defendant Loretta Russell Freels is the plaintiff in the state court proceeding; debtor Ralph B. Freels is the defendant in that proceeding.

that in the case of the 1979 GMC truck the debtor has removed the engine rendering it inoperable. Her motion specifically recites:

5. That as a result of the actions of the defendant,[3] both in filing bankruptcy and further in disposing of the personal property awarded to plaintiff in the divorce, she will require additional alimony for a longer period of time in order that she may rehabilitate herself.

Alternatively, defendant requests the state court to: (1) set aside the portions of the divorce decree dealing with rehabilitative alimony and awarding personalty to her, because the debtor is "guilty of fraud, misrepresentation or misconduct" and his actions should require that the personal property be redivided, or (2) modify the decree due to a material change in circumstances (the debtor's bankruptcy filing and alleged dispositions of personal property awarded to her).

Defendant specifically requests an increase in amount, and an extension of time for payment, of periodic alimony and "replacement" of the items of personalty previously awarded to her, or a money judgment for the value of those items. Her request for relief in the state court is clearly predicated upon two grounds: (1) the debtor's bankruptcy filing and (2) the alleged disposition by the debtor of certain personal property awarded to defendant in the divorce proceeding.[4]

## II

Section 362 of title 11 provides in material part:

**Automatic stay**

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title ... operates as a stay, applicable to all entities, of—

.    .    .    .    .

(2) the enforcement, against the debtor or against property of the es-

tate, of a judgment obtained before the commencement of the case under this title;

.    .    .    .    .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

.    .    .    .    .

(b) The filing of a petition under section 301, 302, or 303 of this title ... does not operate as a stay—

.    .    .    .    .

(2) under subsection (a) of this section, of the collection of alimony, maintenance, or support from property that is not property of the estate;

.    .    .    .    .

(c) Except as provided in subsection (d), (e) and (f) [not applicable herein] of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) if the case is a case under chapter 7 of this title concerning an individual ... the time a discharge is granted or denied.

11 U.S.C.A. § 362 (West 1979 & Supp. 1987).

Under the provisions of § 362(c)(2)(C), the granting of a debtor's discharge under 11 U.S.C.A. § 727 (West 1979 & Supp.1987) terminates the automatic stay with respect to all acts enumerated in § 362(a) excepting an act against property of the estate. At the time of discharge the protection afford-

---

**3.** See note 2, *supra*.

**4.** The bar date for filing objections to discharge under 11 U.S.C.A. § 727 (West 1979 & Supp. 1987) and for filing complaints to determine dischargeability of a debt under 11 U.S.C.A. § 523(c) (West Supp.1987) expired on September 14, 1987. No complaints objecting to the debtor's discharge have been filed.

ed by § 362(a) is superseded by § 524 of title 11, which enacts in pertinent part:

**Effect of discharge**

(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 ...;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor ...;

.    .    .    .    .

11 U.S.C.A. § 524 (West 1979 & Supp. 1987).

The essence of defendant's "Motion To Alter Or Amend Judgment" is her contention the debtor's bankruptcy and/or his alleged disposition of personal property awarded to her in the divorce proceeding have caused a loss justifying an increased award of support. Defendant is endeavoring to circumvent the provisions of §§ 362(a) and 524(a). Absent a determination that the obligations imposed upon the debtor under the divorce decree are nondischargeable alimony or support debts, defendant's "Motion To Alter Or Amend Judgment" filed December 19, 1986 violates the injunctive provisions of § 362(a) (pre-discharge) and § 524(a) (post-discharge).[5]

That a debtor's obligation to satisfy marital debts under the provisions of a divorce decree can constitute an obligation of support is undisputed.[6] Defendant's contention that she is entitled to an increased award of alimony due to the debtor's improper disposition of personal property awarded her in the divorce decree also raises the issue of whether that property and/or its value was intended by the state court or the parties to be "in the nature of alimony" or support. Neither debtor nor defendant seeks a determination of the dischargeability of those obligations imposed upon debtor under the provisions of the September 24, 1986 divorce decree.[7]

This court will not countenance efforts, intentional or unintentional, to circumvent the automatic stay of § 362 or the injunctive provisions of § 524. Categorizing the debtor's bankruptcy as a change in circumstances warranting an increase of alimony under Tennessee law will not be permitted.[8]

**5.** Section 523 of title 11 provides in material part:

**Exceptions to discharge**

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

.    .    .    .    .

(5) to a spouse, former spouse ... for alimony to, maintenance for, or support of such spouse ... in connection with a separation agreement, divorce decree or other order of a court of record ... or property settlement agreement, but not to the extent that—

.    .    .    .    .

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

11 U.S.C.A. § 523 (West 1979 & Supp.1987).

**6.** The Sixth Circuit Court of Appeals has observed:

[1] Bankruptcy court decisions have uniformly found hold harmless clauses to create nondischargeable obligations. We agree with these courts and hold that payments in the nature of support need not be made directly to the spouse or dependent to be nondischargeable.

[2] In accordance with the express language of § 523(a)(5) the bankruptcy courts have uniformly required that joint obligations assumed by the debtor as a part of a separation or divorce settlement must be "actually in the nature of" alimony or support in order to be excepted from discharge.

*Long v. Calhoun*, 715 F.2d 1103, 1107 (6th Cir. 1983) (citations omitted).

**7.** Bankruptcy Rule 4007(a) provides:

**Persons Entitled to File Complaint.** A debtor or any creditor may file a complaint with the court to obtain a determination of the dischargeability of any debt.

Fed.R.Bankr.P. 4007(a).

**8.** Tenn.Code Ann. § 36–5–101 (Supp.1987) provides in material part:

**Decree for support of spouse and children— Modification—Delinquencies.**—(a)(1) Whether the marriage is dissolved absolutely, or a perpetual or temporary separation is decreed, the court may make an order and decree for the suitable support and maintenance of ei-

Pursuant to Fed.R.Bankr.P. 4007(a) defendant may seek a determination of the dischargeability of the obligations imposed upon the debtor under the divorce decree. However, the filing of her "Motion To Alter Or Amend Judgment" in the Roane County General Sessions Court on December 19, 1986, is violative of §§ 362(a) and 524(a). The debtor is entitled to a permanent injunction prohibiting the continued prosecution of that motion.

This Memorandum contains findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052.

ther spouse by the other spouse; ... and, on application of either party, the court may decree an increase or decrease of such allowance only upon a showing of a substantial and material change of circumstances....