**In re William N. ROSTECK and Joyce M. Rosteck, Debtors.**

**Bankruptcy No. 88 C 8435.**

United States District Court,
N.D. Illinois, E.D.

April 19, 1989.

Marshall N. Dickler and Lita H. Brody of Marshall N. Dickler, Ltd., for Old Willow Falls Condominium Assoc.

John Patrick Brundage of Brundage & Assocs., for William and Joyce Rosteck.

## MEMORANDUM OPINION

KOCORAS, District Judge:

Before the court is William N. Rosteck's and Joyce M. Rosteck's ("Appellees") Motion for Reconsideration of this court's memorandum opinion docketed December 23, 1988. 95 BR 558. For the following reasons, appellees' motion is granted.

## DISCUSSION

On December 23, 1988, this court entered an order which reversed and remanded the ruling of Bankruptcy Judge Katz. 85 B.R. 73. The court held that outstanding condominium assessment fees were post-petition and not subject to the Debtors' discharge. Further, the court followed the holding in *Rink v. Timbers Homeowners Assoc.*, 87 B.R. 653, 654 (D.Colo.1987), finding that assessments were due for the period between the date the no-assets report was filed, November 7, 1983, and the day of the sheriff's sale, December 13, 1984.

Appellees' Motion to Reconsider alleges a mistake of law. Appellees discuss the case of *Behrens v. Woodhaven Ass'n*, 87 B.R. 971 (Bkrtcy.N.D.Ill.1988) and assert that

the bankruptcy rule in this district is to discharge the assessment debt. It should be noted that Judge Ginsberg's decision was not cited in either party's initial papers. After further consideration, including the *Behrens* ruling, the court finds that its prior ruling should be vacated and Judge Katz's decision affirmed.

Although this court is not bound by the precedential value of a bankruptcy court ruling, the court is persuaded by Judge Ginsberg's reasoning. The *Behrens* analysis also distinguishes the authority previously relied upon by this court.

A debtor's obligation under a pre-petition agreement is properly viewed as a prepetition debt regardless of when the debt actually arose. *Behrens v. Woodhaven*, 87 B.R. at 975 citing *In re Rosteck*, 85 B.R. 73 Bankr. (N.D.Ill.1988). This conclusion is supported by the reaffirmation method set forth in 11 U.S.C. § 524(c) & (d). The reaffirmation scheme, is the exclusive route by which a debtor's obligation under a prepetition contract can survive bankruptcy.

> The legislative history makes it clear that no other method of reaffirming a dischargeable debt can cause a debtor's obligation on a prepetition contract to be enforced after the debtor is discharged in a Chapter 7 case. (cites omitted).

*Behrens v. Woodhaven Ass'n*, 87 B.R. at 975. The court went on to say that while the debtor might have possession/title to the property following the bankruptcy, any liens on the property survive the Chapter 7 case. Unlike the holding in *Rink v. Timbers Homeowners Ass'n*, *supra*, upon which this court previously relied, Judge Ginsberg reasoned that the burden is on the creditors to enforce their lien rights rather than requiring the debtor to quitclaim his interests in real estate to the creditor. Even though foreclosure was unavailing for the appellant in this case, a deficiency judgment still may not be enforced against the debtors personally. This is consistent with the bankruptcy public policy which holds in high regard the debtor's right to a "fresh start" without

**402**

the threat of lingering claims riding through the bankruptcy. *In re Baldwin–United Corp.,* 55 B.R. 885, 898 (Bkrtcy S.D.Ohio 1985). When applied to post-petition debts this policy does not appear applicable. However, the condominium assessments in this case are properly viewed as arising from a prepetition contract consistent with the ruling in *Behrens.*

## CONCLUSION

Upon reconsideration, the court concludes that its previous ruling dated December 23, 1988 should be vacated, and Bankruptcy Judge Katz's ruling affirmed.

It is so ordered.