**In re Peggy E. GAULT d/b/a A–1 Answering Service, Debtor.**

**Bankruptcy No. 3–89–02357.**

United States Bankruptcy Court,
E.D. Tennessee.

Oct. 11, 1991.

James M. Crain, Knoxville, Tenn., for debtor.

John W. Gill, Jr., U.S. Atty., Knoxville, Tenn., Carol C. Priest, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S. and its agency, the I.R.S.

Marcia P. Parsons, Knoxville, Tenn., Chapter 13 Trustee.

## MEMORANDUM ON DEBTOR'S MOTION FOR SHOW CAUSE, CONTEMPT AND ATTORNEY'S FEES

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The court has before it the debtor's "Motion For Show Cause, Contempt And Attorneys [sic] Fees" (Motion) filed April 12, 1991. By her Motion, the debtor seeks an order finding the Internal Revenue Service (IRS) in contempt for violations of the automatic stay and codebtor stay of Bankruptcy Code §§ 362(a) and 1301(a), respectively.[1] The record before the court consists of stipulated facts submitted through a written "Stipulation Of Fact" filed June 28, 1991, to which is appended affidavits executed by the debtor, her husband, Robert E. Gault, and an IRS employee, Viviene Mason.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A) and (O) (West Supp.1991).

### I

The debtor commenced her bankruptcy case under Chapter 13 on August 18, 1989. On April 10, 1990, the court confirmed her Chapter 13 plan. She listed the IRS as a creditor in her schedules and the IRS timely filed claims for income taxes due for calendar years 1986, 1987, and 1988. In those years the debtor filed joint income tax returns with her nondebtor husband, Robert E. Gault.[2]

On May 11, 1990, the IRS issued and served on "Robert E. and Peggy E. Gault" a "Notice Of Federal Tax Lien Under Internal Revenue Laws" (Notice). By this Notice, the IRS informed the debtor and her husband that it asserted a lien "on all property and rights to property" as a result of the unpaid 1986, 1987, and 1988 income taxes. The Notice, although served on both the debtor and her husband, contains only Robert E. Gault's social security number. After the debtor's attorney complained to the IRS by letter dated June 7, 1990, that such Notice was violative of the automatic stay, the IRS issued a "Corrected Lien" dated June 14, 1990, bearing only the name of Robert E. Gault. In March 1991, the Gaults received three separate documents dated March 25, 1991, entitled "Notice Of Intent To Levy" relating to unpaid taxes for 1987, 1988, and 1989. These notices were served on both "Robert E. and Peggy E. Gault" although only Mr. Gault's social security number was shown. Each notice provides in material part:

> If you do not ... [make full payment of the overdue tax liability] within 30 days from the date of this notice, we may without further notice to you, levy upon and seize your property and rights to property. Section 6331 of the Internal Revenue Code allows us to seize wages, bank accounts, commissions, and other income. Real estate and personal property such as business assets and automobiles may also be seized.

---

1. In her Motion, the debtor avers that the actions of the IRS "violate the automatic stay ... as provided by 11 U.S.C. § 1301." She makes no reference to § 362. In briefs filed with the court, each party addresses the issues raised in the debtor's Motion under both §§ 362 and 1301. Clearly, the debtor intended to address the matters complained of in her Motion under § 362, and the court deems the Motion amended accordingly. Fed.R.Civ.P. 15(b), incorporated into Fed.R.Bankr.P. 7015.

2. Because the debtor and her husband filed joint returns, they are jointly and severally liable for the tax. 26 U.S.C.A. § 6013(d)(3) (West Supp.1991).

The debtor contends that these notices violated the codebtor stay of § 1301.[3] Alternatively, she contends that the actions of the IRS violated the automatic stay of § 362(a).[4] Based on these alleged violations, the debtor seeks sanctions including attorney's fees.

## II

█ The IRS did not violate the codebtor stay provisions of § 1301 by mailing the Notice and three "Notice[s] Of Intent To Levy" to the debtor's husband. Section 1301 provides in material part:

(a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a *consumer debt* of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt....

11 U.S.C.A. § 1301(a) (West 1979) (emphasis added).

Section 1301(a) is inapplicable to the instant facts by its terms. "Consumer debt" is defined at 11 U.S.C.A. § 101(8) (West Supp.1991) as debt "incurred by an individual primarily for a personal, family, or household purpose." An income tax liability is simply not a consumer debt because it is not incurred in the course of a consumptive activity. *Harrison v. Internal Revenue Service (In re Harrison)*, 82 B.R. 557 (Bankr.D.Colo.1987); *Pressimone v. Internal Revenue Service (In re Pressimone)*, 39 B.R. 240 (E.D.N.Y.1984). Consequently, § 1301(a) did not stay the IRS from proceeding against the debtor's husband upon the filing of the debtor's Chapter 13 petition.

█ However, the IRS' actions complained of, as they relate to the debtor, call into play § 362(a)(1) and (6). The former subsection acts as a stay of:

the commencement or continuation, including the issuance or employment of process, of judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C.A. § 362(a)(1) (West Supp.1991). The latter subsection acts as a stay of:

any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C.A. § 362(a)(6) (West 1979).

The IRS does not dispute that, by addressing the "Notice[s] Of Intent To Levy" to the debtor, it violated the automatic stay. It maintains, however, that such violations were unintentional. Viviene Mason, an IRS employee in the Special Procedures Function Branch, testified by affidavit that the three "Notice[s] Of Intent To Levy" were intended to apply only to the assets of the debtor's husband; that they were addressed to both the debtor and Robert E. Gault because that is the nomenclature used by the Gaults on their joint income tax returns; and that the IRS has offered to withdraw the notices and reissue notices listing only Robert E. Gault.

The IRS' argument misses the point. This court has held that "the willfulness requirement refers to the deliberateness of the conduct and the knowledge of the bankruptcy filing, not to a specific intent to violate a court order." *Temlock v. Falls Building, Ltd. (In re Falls Bldg., Ltd.)*, 94 B.R. 471 (Bankr.E.D.Tenn.1988) (quoting *In re Wagner*, 74 B.R. 898, 903 (Bankr. E.D.Pa.1987)). It is undisputed that the IRS was aware of the debtor's bankruptcy case. It filed claims in the bankruptcy case and, at the request of the debtor's counsel, corrected the May 11, 1990 Notice served

---

**3.** The debtor contends that the notices violated the codebtor stay as to the tax liability for the years 1987 and 1988. She also contends that the notice for the year 1989 violates the codebtor stay as to her liability for estimated tax

payments due before August, 1989, when the bankruptcy petition was filed (one-half of the total 1989 tax liability).

**4.** See *supra* n. 1.

jointly on the debtor and her husband because it listed the debtor's name in violation of the automatic stay. Further, the IRS' action in mailing the "Notice[s] Of Intent To Levy" can only be viewed as willful. After sending notices addressed to both the debtor and her husband, it is not enough for the IRS to say afterwards that it intended only to levy against property of the husband. The act of serving the "Notice[s] Of Intent To Levy" on the debtor constitutes a willful violation of § 362(a)(1) and (a)(6). *See In re Price,* 103 B.R. 989, 992–93 (Bankr.N.D.Ill.1989).

Violations of the automatic stay are dealt with under § 362(h) which provides:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstance, may recover punitive damages.

11 U.S.C.A. § 362(h) (West Supp.1991).

When, as in this case, there has been a "willful" violation of the automatic stay, § 362(h) mandates the award of actual damages, including costs and attorney's fees, and, in appropriate circumstances, punitive damages.

■ On the record before it, the court cannot find that the debtor is entitled to an award of actual damages other than attorney's fees. Any such award would be speculative, unsupported by the debtor's affidavit, and based upon conjecture. "A damage award must not be based on 'mere speculation, guess, or conjecture.'" *John E. Green Plumbing & Heating Co. v. Turner Const. Co.,* 742 F.2d 965, 968 (6th Cir.1984), *cert. denied,* 471 U.S. 1102, 105 S.Ct. 2328, 85 L.Ed.2d 845 (1985), quoting *Zirin Laboratories Int'l. v. Mead–Johnson & Co.,* 208 F.Supp. 633 (E.D.Mich.1962). *See also Archer v. Macomb County Bank,* 853 F.2d 497 (6th Cir.1988).

Regarding punitive damages under § 362(h), the bankruptcy court in *In re Wagner* stated:

> [P]unitive damages are awarded in response to particularly egregious conduct for both punitive and deterrent purposes. Such awards are "reserved ... for cases

in which the defendant's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief." To recover punitive damages, the defendant must have acted with actual knowledge that he was violating the federally protected right or with reckless disregard of whether he was doing so.

74 B.R. at 903–904 (citing *Cochetti v. Desmond,* 572 F.2d 102 (3rd Cir.1978)). This court agrees. *See In re Falls Bldg., Ltd.,* 94 B.R. at 482.

■ The court finds that the circumstances of this case warrant an award of punitive damages. The IRS, with actual knowledge that it was violating the automatic stay, served the three "Notice[s] Of Intent To Levy" on the debtor. In its "Corrected Lien" dated June 14, 1990, served solely on Robert E. Gault, the IRS acknowledged that the automatic stay precluded it from proceeding against the debtor. It nonetheless, on March 25, 1991, proceeded to serve the "Notice[s] Of Intent To Levy" on the debtor. "The protection afforded by the automatic stay is the foundation upon which debtor relief is premised under the Bankruptcy Code." *In re Tweed,* 76 B.R. 636, 639 (Bankr.E.D.Tenn. 1987). The statement in Ms. Mason's affidavit that "there was never an intent of the IRS to levy on the assets of Peggy Gault" is belied by the clear language of the "Notice[s] Of Intent To Levy." The court fixes the punitive damages awarded the debtor at $2,500. This sum shall be paid directly to the Chapter 13 trustee for payment to creditors under the debtor's confirmed plan.

■ The court also finds the debtor is entitled to an award of attorney's fees incurred in the prosecution of her Motion. The debtor's counsel will be directed to file and serve opposing counsel within fourteen days an affidavit detailing by date and time the services rendered and the fee requested. The IRS will have ten days thereafter within which to object to the requested fee. Failure to object or to tender an order approved by counsel for the debtor and the

IRS evidencing an agreed upon fee will be deemed by the court to mean that the IRS has no objection to the requested fee. Any objection filed by the IRS will be heard at a date and time fixed by the court.

This Memorandum constitutes findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052.