In re James TOSTIGE, Debtor.

No. 01–41268–R.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Oct. 1, 2002.

Murray A. Duncan, Jr., Romulus, MI, John Wesley Kline, Southfield, MI, for debtor.

Linda Bidne, Dearborn, MI, for creditor.

*Opinion Regarding Debtor's Motion
for Sanctions for Violation of
the Discharge Injunction*

STEVEN W. RHODES, Chief Judge.

The debtor, James Tostige, filed this motion for sanctions against his ex-wife, Sheila Burns, and her attorney, Linda Bidne, for violation of the discharge injunction due to their action of seeking to modify the parties' divorce judgment in state court. Burns and Bidne filed an objection. The Court conducted a hearing on September 17, 2002, and took the matter under advisement. The Court now concludes that the respondents did violate the discharge injunction and that therefore the debtor is entitled to sanctions.

## I.

Tostige and Burns were divorced by a consent judgment entered on May 28, 1999. Pursuant to the terms of the divorce neither party was to receive alimony. The property settlement portion of the judgment provided that Burns was to receive all bank accounts held by her, all personal property in her possession, and the car titled in her name. James Tostige was to receive all bank accounts held by him, all personal property in his possession, the car titled in his name, and a 1994 power boat and trailer, which he was to refinance in his own name. If he was unable to obtain financing, the boat was to be sold and the proceeds divided between

the parties. The marital home was to be sold and the proceeds were to be used to pay the joint marital debt, which consisted of credit card bills totaling approximately $17,937. James Tostige was to pay $750 in attorney fees and the remainder of the proceeds from the home were to be divided between the parties. The household furnishings were to be equally divided. However, in the event the division of household furnishings remained an issue, the parties were to submit to binding arbitration.

The parties submitted to arbitration in November, 2000. Burns was awarded $1,750 due to an uneven property distribution.

On January 25, 2001, Tostige filed for chapter 7 relief. On schedule F, he listed the debt to Burns of $1,750. On schedule D, he also listed a debt to Bank One for the boat in the amount of $29,000. Tostige and Burns were jointly liable for the boat debt. Tostige was granted a discharge on October 30, 2001. The case was closed on March 22, 2002.

In February, 2002, Burns filed a motion in state court to set aside the property settlement provisions of the divorce judgment. In her motion, she argued in part that she has lost money because she has been making the monthly boat payments. She seeks to have the property division redetermined to permit the parties to have an equal share of the assets and liabilities.

## II.

Tostige contends that Burns's actions in seeking to modify the divorce judgment are an attempt to reimburse her for the debts that were discharged and therefore constitute a violation of the discharge injunction.

Burns contends that she is not violating the discharge injunction because she is not seeking to recover debts that were discharged but is merely seeking equitable relief for the maladjustment of property awarded to her. Further, Burns asserts that she is not seeking payment of a discharged debt, but is seeking recovery of debts incurred by her through her post-petition payments of the boat debt.

## III.

11 U.S.C. § 524 provides that a bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [debt discharged under § 727(b)] as a personal liability of the debtor, whether or not discharge of such debt is waived[.]" 11 U.S.C. § 524(a)(2). Section 727(b) discharges an individual Chapter 7 debtor "from all debts that arose before the date of the order for relief under this chapter," subject to the exceptions set forth in § 523.

Burns argues that she is not violating the discharge injunction because she is seeking reimbursement for boat payments she made after the petition was filed. Burns contends that because these payments came due post-petition, they were not discharged.

There is simply no support for this position. Tostige's debt to Bank One for the boat was discharged by his bankruptcy proceeding. He is therefore no longer obligated to make those payments. The fact that Burns remains liable as a co-debtor does not entitle her to seek reimbursement from Tostige for payments she has made post-petition.

Accordingly, Burns's attempts to modify the divorce judgment by seeking reimbursement for those payments is an attempt to circumvent the discharge injunction and her actions therefore violate the discharge injunction. *See e.g., In re Ray,*

**464**

262 B.R. 580 (Bankr.D.Me.2001); *Beardslee v. Beardslee (In re Beardslee)*, 209 B.R. 1004 (Bankr.D.Kan.1997); *Freels v. Russell (In re Freels)*, 79 B.R. 358 (Bankr. E.D.Tenn.1987).

> It is clear that once a property settlement obligation is discharged in bankruptcy, it cannot be reimposed by the state court, nor may a new property division be imposed. Quite arguably, basing a new obligation for support on the fact that a property settlement has been discharged is also nothing more than an "end run" around the bankruptcy discharge, an attempt to collect the discharged obligation, or part of it, in another form. As such, a motion to modify support based upon the discharge could be construed as contempt of the discharge injunction in section 524(a)(2) against the commencement of any action to collect a discharged debt. Indeed, a state court's action to increase the support obligation could even be considered an action discriminating against the debtor based upon a discharged debt in violation of section 525(a). The fact that a party to a proceeding for alimony and support has filed a bankruptcy and discharged debts, without more, cannot be a basis for less favorable treatment in the family court.

*Brabham v. Brabham (In re Brabham)*, 184 B.R. 476, 485–86 (Bankr.D.S.C.1995) (*quoting* Collier Family Law and the Bankruptcy Code ¶ 6.10 (Release No. 4, April 1994)).

An evidentiary hearing is required to determine damages.