In re Carl M. **EDWARDS** and Carolyn Earlene Huhn Edwards, (Chap. 13 No. 580–00436–S, Western District of Louisiana), Debtors.

Carl M. **EDWARDS** and Carolyn Earlene Huhn Edwards, Plaintiffs,

v.

**PULLMAN TRAILMOBILE** and W. D. Wainwright, Defendants.

Bankruptcy Civ. A. No. 80–0169.

United States Bankruptcy Court, M. D. Alabama.

Aug. 15, 1980.

Alfred Q. Booth, Prattville, Ala., for plaintiffs.

George P. Walthall, Jr., Prattville, Ala., for defendant Pullman-Trailmobile.

Edward W. Drinkard, Prattville, Ala., for defendant and cross-complainant Wainwright.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

LEON J. HOPPER, Bankruptcy Judge.

This matter is before the court on the complaint of the debtors to set aside a judicial sale of real property owned by them in Autauga County, Alabama. At the pretrial conference it was agreed by all of the parties that the only question of fact to be determined by the court is whether or not, at the time of the sale, the defendants, Pullman Trailmobile and W. D. Wainwright, had knowledge of the commencement of the Chapter 13 bankruptcy case in the Western District of Louisiana.

*Findings of Fact*

1. On July 16, 1979, a judgment was rendered in the District Court of Autauga County, Alabama, against the debtor-plaintiff, Carl M. Edwards, in favor of Pullman Trailmobile. On August 20, 1979, execution was filed in the District Court of Autauga County.

2. Conversations between the debtor Edwards and defendant Wainwright took place in Louisiana during January and February, 1980, during which the debtor mentioned the possibility of filing a bankruptcy case. No other notice of any such intention was thereafter conveyed to Wainwright.

3. Conversations and negotiations were carried on between the debtor and the creditor Pullman Trailmobile, both prior to and after the execution was filed. The debtor discussed his intention to perhaps file a bankruptcy case with Pullman Trailmobile through its attorney as early as February 1980. Debtor called attorney George P. Walthall, who was the attorney of record for Pullman Trailmobile in the case, and informed Mr. Walthall that he intended to file a Chapter 13 case.

4. On April 14, 1980, the debtors signed their Chapter 13 petition at Shreveport, Louisiana, in the offices of their attorney, James E. Franklin, Jr. At that time, Mr. Franklin's secretary telephoned attorney Walthall's office to obtain the case number of the suit pending in the District Court of Autauga County and conveyed to whomever she was speaking with that information was needed for the purpose of filing a Chapter 13 case for the debtor.

5. Attorney Franklin's secretary on a later date called attorney Walthall's secretary and left a message that attorney Franklin was handling a Chapter 13 case for the Edwardses and requested that attorney Walthall call attorney Franklin.

6. On April 17, 1980, Carl M. Edwards and Carolyn Earlene Huhn Edwards filed Chapter 13 Case No. 580–00436–S in the United States Bankruptcy Court, Western District of Louisiana. The debt due Pullman Trailmobile was listed in the debtors'

schedules as being owed to T. M. Leasing, a subsidiary of Pullman Trailmobile.

7. At the time of the filing of the Chapter 13 case the debtors owned residential property located at 104 Patrick Street, Prattville, Alabama, which property is the subject of this complaint. No copy of the bankruptcy petition was filed in the Office of the Probate Judge of Autauga County, Alabama, the county within which this property is located.

8. On the evening of April 30, 1980, debtor-plaintiff Edwards telephoned attorney Walthall at his home and again informed him of the Chapter 13 case in Louisiana and questioned him as to what action was being taken as to the Prattville property.

9. The real property was sold at a public sale conducted by the Sheriff of Autauga County on May 5, 1980, in satisfaction of the execution filed by Pullman Trailmobile on its judgment in the amount of $2,784.75, plus $25.00 costs. The property was purchased by W. D. Wainwright for a cash consideration of $3,003.24 and the assumption of the first mortgage indebtedness and any other outstanding liens.

10. On May 5, 1980, the debtor telephoned attorney Walthall to offer payment of the judgment held by Pullman Trailmobile. Attorney Walthall informed the debtor that the Prattville property had been sold that day.

11. Notice of the Chapter 13 case was mailed to creditors by the Louisiana bankruptcy court on May 5, 1980.

### Conclusions of Law

1. This court has jurisdiction in this adversary proceeding by reason of the provisions of 28 U.S.C. § 1471. Venue is properly laid in this district as provided by 28 U.S.C. § 1474.

2. The sale of the debtor's property in Autauga County was in violation of the automatic stay provisions of Section 362 of the Bankruptcy Code as the sale was subsequent to the filing of the Chapter 13 case and does not come within any of the exceptions provided by Section 362(b).

3. A transfer of real property to a purchaser at a judicial sale cannot be avoided under specific circumstances set out in Section 549(c) of the Bankruptcy Code. Although it does not appear from a reading of Section 549(c) that knowledge of the filing of a bankruptcy case is a consideration where the purchase is made at a judicial sale, the court, in any event, does not find that purchaser Wainwright had sufficient facts from which knowledge of the pending Chapter 13 case in Louisiana could be imputed to him. The court concludes that the sale to W. D. Wainwright may not be set aside.

4. The creditor, Pullman Trailmobile, through its counsel Walthall had available to it prior to the sale sufficient facts from which knowledge of the pendency of the Chapter 13 case in the Western District of Louisiana can be imputed to it. It is not necessary that a creditor have formal notice of the commencement or the pendency of a bankruptcy proceeding where it has sufficient facts which would cause a reasonably prudent person to make further inquiry. *In re Tallyn; Moore v. U. S. National Bank of Oregon, et al*, CCH Bankruptcy Law Reporter ¶ 65,617 (1975).

5. By continuing its action against the debtor in violation of the automatic stay provided by Section 362 of the Code after knowledge of the filing of the Chapter 13 case, the defendant Pullman Trailmobile is found to be in contempt of the bankruptcy court. *In re Benjamin*, CCH Bankruptcy Law Reporter ¶ 67,209 (1979); *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2d Cir., 1976), cert. den. 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977); *Tallyn, supra.*

6. Pullman Trailmobile must surrender the fruits of its illegal acts and pay over any moneys it has received from the District Court of Autauga County by reason of this sale to the United States Bankruptcy Court, Western District of Louisiana, Shreveport, Louisiana, for appropriate disposition of the funds in these debtors' case, Number 580–00436–S.

7. The defendant Pullman Trailmobile is to pay the attorney's fee and costs of the plaintiff-debtors in this matter. *In re Tillery*, 2 Bankr.Ct.Dec. 798 (1976). This court finds a reasonable attorney's fee to be in the amount of $500.00.

8. In view of the above conclusions, no further relief is warranted under the cross-complaint filed by the defendant-cross complainant, W. D. Wainwright. The defendant, Pullman Trailmobile, and the defendant-cross complainant, W. D. Wainwright, shall each bear its own costs.

9. Pullman Trailmobile is included in these debtors' Chapter 13 case and should file its claim in the United States Bankruptcy Court, Western District of Louisiana, to be paid along with other creditors of the same class or as the plan may provide.

An order in conformance with these findings of fact and conclusions of law will be entered this date.