488 A.2d 498

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Paul J. COCKRELL.**

**Misc. (Subtitle BV) No. 4, Sept. Term, 1984.**

Court of Appeals of Maryland.

Feb. 25, 1985.

Melvin Hirshman, Bar Counsel and Glenn M. Grossman, Asst. Bar Counsel to Atty. Grievance Com'n of Maryland, Annapolis, for petitioner.

Russell White, Towson, for respondent.

Argued Before MURPHY, C.J., SMITH, ELDRIDGE, COLE and RODOWSKY, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (retired), specially assigned, and ALAN M. WILNER, Associate Judge of the Court of Special Appeals, specially assigned.

## ORDER

MURPHY, Chief Judge.

Bar Counsel having charged the Respondent with violations of the Code of Professional Responsibility; and

The Court having referred the matter to the Hon. John F. Fader, II of the Circuit Court for Baltimore County to make findings of fact and conclusions of law; and

Judge Fader having held an evidentiary hearing and having filed his findings determining that the Respondent violated DR 1–102(A)(1) and 6–101(A)(3); and

No exceptions having been taken to Judge Fader's findings by either Bar Counsel or the Respondent and Bar Counsel having recommended a public reprimand as the appropriate sanction; and

The Court having held a hearing on February 6, 1985, and having considered Judge Fader's findings that Respondent's client, Karen M. Kennedy, a passenger in a vehicle involved in an automobile accident (1) was medically treated for injuries sustained at that time; (2) that the injuries "were serious enough that she should have been compensated" and should have "obtained a recovery from someone"; (3) that nevertheless no clear and convincing evidence had been adduced that Ms. Kennedy suffered any economic loss because of the Respondent's neglect or that any financial consequences attended the Respondent's failure to make timely claim upon the Maryland Automobile Insurance Fund; and

It appearing to the Court that more specific factual findings should be made in this case as to whether a loss or losses were in fact sustained by Ms. Kennedy, attributable to Respondent's misconduct, including loss of PIP and other statutory benefits under Maryland Code (1979 Repl. Vol.), Article 48A.

It is, therefore, this *25th* day of February, 1985, ORDERED, by the Court of Appeals of Maryland, that the case be remanded to the Circuit Court for Baltimore County for the taking of additional evidence and for more specific factual findings concerning any economic loss actually suffered by Karen M. Kennedy as a result of the Respondent's violations of the Code of Professional Responsibility.