In the Matter of Thomas and Patricia
**MULLARKEY, Debtors.**

**Bankruptcy No. 87–03511.**

United States Bankruptcy Court,
D. New Jersey.

Nov. 19, 1987.

Peter J. Broege, Red Bank, N.J., for Trustee.

Barry W. Frost, Trenton, N.J., for debtors.

William M.E. Powers, III, Medford, N.J., for First Nat. Mtg. Ass'n.

## OPINION

JUDITH H. WIZMUR, Bankruptcy Judge.

Debtors move under 11 U.S.C. § 362(h) to impose penalties against William M.E. Powers, III, Esquire, for willful violation of the automatic stay.

## FACTS

A judgment of foreclosure was entered in May 1987 in favor of First National Mortgage Association against the debtors Thomas and Patricia Mullarkey. The debtors filed a Petition in bankruptcy under Chapter 13 on June 8, 1987. A notice to creditors was sent out on June 16, 1987 informing them of the filing, and schedul-

ing the case for the meeting of creditors on July 24, 1987 and the confirmation hearing of the proposed Chapter 13 Plan on August 18, 1987. William Powers, III, Esq., representing First National Mortgage Association, acknowledges receipt of the notice in his office. Mr. Powers further acknowledges that his office made no appearance at the 341(a) hearing, filed no objection to confirmation of the debtors' Plan prior to August 18, 1987, and made no appearance at the confirmation hearing. The debtors' Plan, which sought to cure arrearages on the First National Mortgage over the course of the Plan, to continue regular monthly payments outside the Plan, and to reinstate the mortgage, was confirmed on that date. No motion for relief from the stay was filed on behalf of the First National Mortgage Association.

The Court finds as a fact that the decision was made by the Powers' firm to proceed with state law processes irrespective of the pending bankruptcy proceedings without recourse to the Bankruptcy Court. Mr. Powers wrote a letter on August 20, 1987 to the Sheriff of Ocean County in which he recognized the filing of the Chapter 13 petition of the debtor, but contended that the continuation of the foreclosure action would be permissible. He directed the scheduling of the sheriff's sale for September 16, 1987.

The debtors have filed a motion pursuant to 11 U.S.C. § 362(h) for actual and punitive damages, including attorneys' fees, for willful violation of the automatic stay. Further action by the secured creditor against the foreclosed property has been restrained pending the resolution of debtors' motion.

## LAW

Relying on the recent Third Circuit Court of Appeals decision of *In the Matter of Roach*, 824 F.2d 1370 (3d. Cir.1987), decided on July 31, 1987, Mr. Powers contends that following the entry of foreclosure judgment the "foreclosed real estate is not an asset to the estate". In *Roach*, the Court noted that beyond the point of the entry of a foreclosure judgment, "... there are no

substantial federal interests that would justify ignoring property interests created by the judgment of a New Jersey court", *Id.* at 1377, and the Court could perceive no reason "... why Congress might have felt it necessary or desirable to authorize the extinguishment or suspension of state judgments." *Id.* at 1378. Mr. Powers' reliance upon *Roach* is misplaced, and his argument that the foreclosed property is not an asset of the estate and therefore not subject to the automatic stay provision must be rejected.

The discussion must begin by reference to the provisions of 11 U.S.C. § 362. In pertinent part, the statute provides that the filing of a petition operates automatically as a stay of:

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

The inquiry becomes whether the interest of the debtor in the real estate, after foreclosure judgment, constitutes "property of the estate" under (2), (3) or (4) of § 362(a). In this regard, the provision of § 362(c)(1) should also be noted, which provides as follows:

"the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;"

Under 11 U.S.C. § 541(a)(1), the commencement of a case under Title 11 creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." The reach of Section 541 has been substantially extended by judicial pronouncements, most notably the United States Supreme Court case of *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed. 2d 515 (1983). In *Whiting Pools,* the Supreme Court extended the debtor's estate to include property of the debtor that has been seized by a creditor prior to the filing of a petition for reorganization. In other cases, mere possession, even in the absence of a legal or equitable interest in the property, has been held to comprise a sufficient interest in property to bring it within the ambit of Section 541 and, thus, the protection of Section 362. *48th Street Steak House, Inc. v. Rockefeller Center, Inc.*, 61 B.R. 182 (Bankr.S.D.N.Y.1986); *Turbowind, Inc. v. Post Street Management, Inc.*, 42 B.R. 579 (Bankr.S.D.Ca.1984), and *Marcott v. Euclide*, 30 B.R. 633 (Bankr.W. D.Wis.1983).

■ Upon the commencement of the case, a debtor retains the property rights that existed under state law at the time of filing. Under New Jersey law, a final judgment of foreclosure "declares a sum certain immediately due and commits the proceeds of the sale of specific property to its satisfaction." *Roach,* supra, at 1378, citing *Eisen v. Kostakos*, 116 N.J.Super 358, 282 A.2d 421 (App.Div.1971) and *Central Penn National Bank v. Stonebridge Ltd.*, 185 N.J.Super 289, 488 A.2d 498 (Ch. Div.1982). Debtor retains legal title to the property until the completion of the process of sheriff's sale, expiration of the redemption period and transfer of the deed to the successful bidder. Through an "equity of redemption" stemming from New Jersey common law, debtor retains the opportunity to satisfy the judgment in full, and may redeem the foreclosed property even after sheriff's sale by payment in full of the obligation. Following sheriff's sale, redemption is available within the 10 day period fixed by New Jersey Court Rule 4:65–5 for objections to the sale and until

an Order confirming the sale if objections to the sale are filed. *Hardyston National Bank v. Tartamella*, 56 N.J. 508, 513, 267 A.2d 495 (1970). In addition, debtor retains possession of the property until a Writ of Possession is issued following the transfer of the sheriff's deed.

■ Here, upon the filing of the petition, debtor retained legal title to the property, the opportunity to redeem the foreclosed property by payment in full of the judgment, and actual possession. I conclude that the foreclosed property remained property of the estate under 541 and was therefore subject to the stay provisions of Section 362.

I need not decide the question of the propriety of confirmation of debtors' Chapter 13 Plan on August 18, 1987. It is clearly recognized that the Third Circuit pronouncement in *Roach,* decided two weeks prior to the confirmation of the Plan, precludes the opportunity of a debtor to cure a default on a home mortgage following the entry of a foreclosure judgment under 1322(b)(5). No objection was lodged by the secured creditor to the confirmation. A question is presented as to whether the absence of an objection to confirmation constitutes the assent of the secured creditor to confirmation under the provisions of 1325(a)(5), which allows a Plan to be confirmed where the holder of an allowed secured claim has accepted the Plan. Whether or not the Plan was properly confirmed, the sole focus here is whether the secured creditor, through its attorney, violated the automatic stay in attempting to proceed to sheriff's sale without applying for relief from the stay. I conclude that such a violation occurred.

The cases appear to be unanimous in their agreement that where a petition has been filed and the provisions of the automatic stay apply, a creditor who seeks to act against the property of the debtor must apply for relief from the stay to the Bankruptcy Court before continuing any action to gain possession or enforce a lien against property of the estate. In *Carter v. Van Buskirk*, 691 F.2d 390 (8th Cir.1982), it was

held that where a creditor was informed of the pendency of a bankruptcy petition, he was obligated to stop eviction proceedings previously initiated by the creditor. Failure to stay further action must lead to contempt charges. See also *Ellison v. Eastwood Management Corp.*, 63 B.R. 756 (S.D.N.Y.1983); *In re Anderson*, 23 B.R. 174 (Bankr.N.D.Ill.E.D.1982); *O'Connor v. Methodist Hospital of Jonesboro, Inc.*, 42 B.R. 390 (Bankr.E.D.Ark.1984); *Marcott v. Euclide*, 30 B.R. 633 (Bankr.W.D.Wisc. 1983), and *Edwards v. Pullman Trailmobile*, 5 B.R. 663 (Bankr.M.D.Ala.1980).

Nothing in the recent *Roach* decision changes this result. As noted above, the focus of the *Roach* Court was the determination that no further opportunity to cure a default of a home mortgage following the entry of a final judgment of foreclosure was available to a debtor under Chapter 13 provisions. The *Roach* Court specifically recognized in footnote 1 that a debtor retains the state law right of redemption following the filing of the petition, which is extended for 60 days by the provisions of 11 U.S.C. § 108(b). Although the Court recognized in the same footnote that Section 362(a) does not toll the running of the state law redemption, there was no suggestion that the automatic stay provision would be nullified.

The remedy for a willful violation of a stay provided by 11 U.S.C. § 362 is found in Section 362(h), which provides as follows:

> An individual injured by any willful violation of a stay provided by this Section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

The provision was added by the 1984 Amendments to the Bankruptcy Code to underline the importance of respect for the automatic stay, one of the fundamental debtor protections provided by the bankruptcy laws.[1] The automatic stay intervenes upon the filing of the plaintiff's bankruptcy petition and "all that is necessary to trigger the subsection (h) sanctions is (1) that the defendant's action violated the stay and (2) that such action was willful." *Tel–A–Communications Consultants v. Auto–Use*, 50 B.R. 250 (Bankr.D. Conn.1985).

I have concluded for the reasons expressed that a violation of the stay has been demonstrated. In determining whether the action was willful, there must be a demonstration that the action was intentional or deliberate. I conclude from the facts presented that the stay violation in this case was intentional and deliberate. Counsel knowingly chose to disregard the automatic stay and to direct the sheriff to proceed to sheriff's sale. His reliance on the *Roach* case cannot nullify his failure to recognize that the stay remained in place until relief from the stay from the Bankruptcy Court was afforded. Whether or not Mr. Powers believed that his actions were justified by reason of the recent *Roach* decision of the Third Circuit is of no consequence.

Where willful violation of the stay is demonstrated, compensatory damages are mandatory. Where an "arrogant defiance of federal law" is demonstrated, punitive damages are appropriate. *Tel–A–Communications Consultants, Inc. v. Auto–Use*, 50 B.R. at 255. With regard to actual damages, I have reviewed the Affidavit of Services submitted by Barry W. Frost, Esq., attorney for the debtors and conclude that the fee of $885 requested is sufficiently justified and is reasonable for the services rendered. An award of attorneys' fees in the amount of $885 is allowed. In addition, I must conclude that an award of punitive damages is appropriate. The importance of adherence to the requirements of the automatic stay cannot be overstated in this context. Particularly with such experienced bankruptcy counsel, with a substantial practice in the Chapter 13 area representing mortgage companies, who is so consistently involved in these

---

**1.** It should be noted that a secured creditor is not without recourse following the filing of a petition and the imposition of the automatic stay. A mechanism is provided under Section 362(d) for relief from the stay for cause. Section 362(e) imposes time limitations for holding a hearing on the creditor's application. Here, counsel failed to apply for relief from the stay.

processes, counsel's failure to seek relief from the stay prior to acting represents "an arrogant disregard for federal law" which must have as its consequence the awarding of punitive damages to the debtors. Accordingly, an award of $1,000 is entered against the law firm of William M.E. Powers, Jr., Chartered.

■ It should be noted that the award is being entered against the law firm rather than the client in this case because of the specific factual scenario in which the actions detailed above were taken. Mr. Powers testified that the decision to act was made by him in consultation with the principal of the firm, William M.E. Powers, Jr. The basis of the decision was the interpretation by both Mr. Powers, Jr. and Mr. Powers, III that the *Roach* case exempted from the subject matter jurisdiction of the Bankruptcy Court the opportunity to administer property upon which a final judgment of foreclosure had been entered. The record reflects no involvement by the client in this decision-making process. Accordingly, I find as facts that the decision to act was made by the attorneys and the actual action of scheduling the property for sheriff's sale was taken by the attorneys. Therefore, I must conclude that the attorneys themselves are responsible for the willful violation of the automatic stay which is the basis of the entry of actual and punitive damages herein.

Debtors' counsel shall submit an Order in conformance with the above. The Order should further specify that payment of the actual and punitive damages shall be made within 30 days of the entry of the Order.