262 N.J. Super. 65 (1992)
619 A.2d 1047
ALEXANDRIA AT HILLSBOROUGH CONDOMINIUM ASSOCIATION, INC., PLAINTIFF,
v.
PAUL CICHOWICZ AND HELEN CICHOWICZ, DEFENDANTS.
Superior Court of New Jersey, Law Division Somerset County, Special Civil Part.
Decided November 30, 1992.
*66 Robert M. Purcell, Jr., for the plaintiff.
Arthur L. Skaar, Jr. for defendants (Skillman and Skaar, attorneys)
DILTS, J.S.C.

FINDINGS OF FACT
Trial was held on November 16, 1992.
The court finds that defendants, Paul and Helen Cichowicz ("Cichowicz") were owners of a condominium unit at Alexandria at Hillsborough. In April 1991 the defendants filed a Chapter 7 bankruptcy petition. On June 20, 1991 the trustee in bankruptcy filed a notice of proposed abandonment proposing to abandon his interest in defendants' condominium unit on the basis of it being of inconsequential value to the estate. The value of the condominium was listed at $65,000 and there were two secured liens, one in the amount of $60,000 and the other in excess of $11,500. In addition to these two secured liens, Alexandria at Hillsborough Condominium Association, Inc. ("Condominium Association") was listed as a lien holder in the amount of $3,421.70 for condominium assessment fees through and including June 1991. Total liens exceeded $75,000, and there was no equity in the condominium unit.
By June 30, 1991, defendants Cichowicz had abandoned the condominium unit. They did not occupy the premises nor did they rent them to any third party. They received no financial benefit whatsoever from the premises after June 30, 1991. The only action taken by the defendants was, upon the advice of their bankruptcy attorney, to pay approximately $100 per year to continue liability insurance coverage.
On August 19, 1991 an order discharging defendants Cichowicz was entered by the bankruptcy court under Chapter 7 of the bankruptcy act. It discharged defendants Cichowicz from all "dischargeable debts". It further declared that any judgment *67 entered in the past or in the future (other than in the bankruptcy court) shall be null and void as a determination of personal liability of defendants Cichowicz with respect to debts dischargeable under the bankruptcy act. The order further enjoined all creditors from pursuing those debts.
The court finds that the plaintiff Condominium Association released all personal liability claims for monthly condominium fees through the date of the bankruptcy order (August 1991) and is not pursuing a claim for those fees.
In this action plaintiff claims that defendants Cichowicz are personally liable for the monthly assessment fee from September 1, 1991 through November 1, 1992. The monthly fee is $173 per month for each month during this period, plus a late charge of $10 per month. In addition, the Association seeks one-third attorney's fees in accordance with the terms of the Master Deed. The total sum claimed due and owing is $2,745.00 for condominium fees and late charges from September 1, 1991 and $920 in attorney's fees. The total amount sought is $3,665.00.
In or about January 1992 a mortgage foreclosure action was filed by the first mortgage holder. The court finds that a judgment of foreclosure has been entered and that the Sheriff's Sale of the condominium unit is scheduled to take place on or about December 1, 1992. The court finds that defendants Cichowicz have not executed any surrender or release of their right of redemption to the foreclosed property nor transferred title to the property. The court further finds that defendants Cichowicz have taken no steps to exercise the right of redemption and plaintiff Paul Cichowicz testified that he does not intend to do so.

QUESTION PRESENTED
Whether a condominium owner who has been adjudged bankrupt and whose debts have been discharged remains personally liable for post-petition condominium association fees?

*68 CONCLUSIONS OF LAW
This is a question of first impression in the State of New Jersey. There is a split of authority among bankruptcy courts, some holding that the debtors' condominium association fees coming due after the bankruptcy order were discharged and others concluding that condominium fees were not discharged. This court concludes that the claim for condominium association fees for the period September 1991 through November 1992 was discharged in bankruptcy and that defendants Cichowicz have no personal liability for these fees.
The Condominium Association contends that it is entitled to collect assessments accruing after the date of the bankruptcy order and relies upon the bankruptcy court opinions of In re Strelsky, 46 B.R. 178 (Bankruptcy E.D.Va. 1985), In re Horton, 87 B.R. 650 (Bankruptcy D.Colo. 1987), Rink v. Timbers Homeowners Association, 87 B.R. 653 (Bankruptcy D.Colo. 1987), and In re Rosteck, 95 B.R. 558 (Bankruptcy N.D.Ill. 1988). In re Strelsky, supra, held that where a debtor's condominium was listed in the schedule of assets as having a market value significantly less than its encumbrances and/or the trustee's no asset report indicated that no property was administered in a Chapter 7 bankruptcy proceeding, and that the property was abandoned by the trustee to the debtor when the case was closed, that liability for post-petition condominium assessments fell upon the debtor and the debtor was personally liable for post-petition condominium assessments. In part this opinion was based upon the finding that the debtors continued to receive the benefit of living in the condominium and hence should as a matter of equity be liable for post-petition condominium fees. In re Horton, supra, held that the post-petition personal liability for condominium assessments continued because the debtor in that case continued to hold title to the premises when they could have "escaped liability" for the assessments by conveying the property to another, including the mortgage lender. Because the debtors chose to remain *69 entitled to the premises, they "thereby availed themselves of the benefits of the association's services" and that the "benefits of owning property go hand in hand with the burdens arising from ownership." Rink v. Timbers, supra, likewise holds that post-petition assessments were not discharged by bankruptcy.
In re Rosteck, supra, held that even though the debtors did not actually live in the condominium unit during the period in question, the debtors were nonetheless responsible for post-petition condominium assessment fees. After the abandonment of this asset by the bankruptcy trustee, until the time of the Sheriff's Sale, the property was in the control of the debtors. Although the court acknowledged that it was unclear from the record "what degree debtors enjoyed use and occupancy of the condominium unit, it is clear that the property was not conveyed back to the mortgagee and was still in the legal possession of the debtor. No one besides the debtor was entitled to use and enjoyment of Unit 166 during this period. Therefore, the proper party to bear the cost accrued incidental to condominium ownership is the debtor."
Further research by the court discloses, however, that the decision In re Rosteck, 95 B.R. 558 (Bankruptcy N.D.Ill. 1988) was vacated, and the bankruptcy court concluded that the debtor's obligation under pre-petition agreement is properly viewed as pre-petition and not post-petition, regardless of when the debt actually arose. In re Rosteck, 99 B.R. 400 (Bankruptcy N.D.Ill. 1989). The bankruptcy court held that the post-petition assessments were discharged by bankruptcy. This holding was affirmed in In the Matter of Rosteck, 899 F.2d 694 (7th Cir.1990).
Defendants Cichowicz in this matter rely upon the bankruptcy court holdings of Behrens v. Woodhaven Assn., 87 B.R. 971 (Bankruptcy N.D.Ill. 1988); In re Montoya, 95 B.R. 511 (Bankruptcy S.D.Ohio 1988); and In re Miller, 125 B.R. 441 (Bankruptcy W.D.Pa. 1991). In Behrens v. Woodhaven, supra, the court found that the association had obtained a default judgment *70 against the debtor for post-petition condominium association assessments. The court found the association in contempt for willful violation of the permanent discharge injunction through the post-discharge suit against debtors and ordered that the association obtain a vacation of all state court proceedings. The court found that the obligation of the debtors who owned the condominium property for assessments under the condominium agreement and bylaws was a pre-petition debt regardless of when the amounts due were assessed. The court held that the decision by the bankruptcy trustee to abandon the condominium asset should not be given any effect in the court's determination. The court found that the statute giving the trustee the power to abandon property was irrelevant to resolution of a dispute between the condominium association and the debtors. In re Montoya, supra, held that the debtor may "walk away" from personal liability for future condominium assessments when a discharge is granted pursuant to 11 U.S.C. Section 727(b) if the condominium association was properly scheduled as a creditor. In Montoya, supra at 513, the court found that:
"although the debtor retained a statutory right to redeem the property by payment of the amount of the judgment and costs prior to confirmation of the foreclosure sale pursuant to Ohio statutes, she had indicated surrender of that right at the time of her bankruptcy petition by filing her decision to surrender the unit, as set forth in the Statement of Intention filed at the commencement of her bankruptcy case. The debtor's occupancy of the unit subsequent to that time was temporary and was at the request of the purchasing mortgagee."
The court further found that the "policies underlying the fresh start, implemented by the grant of the discharge in bankruptcy, would be unacceptably compromised if the debtor's personal liability for condominium association dues continued after the date of her bankruptcy filing." The court held that the association continued to possess its lien rights against the unit but had no right to enforce personal liability against the debtor for post-petition assessment fees. In re Miller, supra, recognized the split of authority within the bankruptcy court. After reviewing the cases dealing with this issue, the court found that the *71 debtors relinquished ownership and were not occupying the condominium and would receive no future benefits from the association. The court found that any benefit bestowed upon the property once the foreclosure action commenced accrued to the benefit of the mortgage holder, not to the debtors. The court found the fact that the debtors were the owners of record of the property until the foreclosure proceeding took place to be irrelevant. For this reason, the court held that the association was not entitled to judgment for post-petition condominium assessment fees.
In this case the court finds that in June 1991 defendants Cichowicz vacated the premises and de facto abandoned all interest in the association and in the condominium unit. Although they continue to this date to be owners of record, the court concludes that defendants Cichowicz have received no benefit whatsoever from this ownership. The court concludes that because the Condominium Association was listed as a creditor in the bankruptcy petition for assessments, that the August 19, 1991 order discharged all personal liability for post-petition as well as pre-petition condominium assessments. The "fresh start" benefit of a bankruptcy discharge of obligation would be thwarted if the court were to find a continuing personal obligation for post-petition condominium assessments. Where there is no post-petition benefit to the bankrupt debtor, there is no personal liability for post-petition condominium assessments.
In the unlikely event that prior to the Sheriff's Sale, defendants Cichowicz decide to exercise their statutory right to redeem the property, they would redeem the property subject to the lien for the condominium assessments, which continues to be a valid lien against the property. Their right of redemption does not extinguish the Condominium Association's lien. Further, the conclusion that defendants have been discharged from personal liability does not mean that plaintiff was, or is, left without a remedy. See In re Cohen, 122 B.R. 755 (Bankruptcy *72 S.D.Cal. 1991) and In re Turner, 101 B.R. 751 (Bankruptcy D.Utah 1989).
Accordingly, an order will be entered dismissing the complaint with prejudice and without costs.