703 A.2d 402

TIFFANY BY THE SEA CONDOMINIUM ASSOCIATION,
INC., PLAINTIFF, v. ADAM ZENGEL AND
GERARD V. ZENGEL, DEFENDANTS.

Superior Court of New Jersey
Law Division
Monmouth County

Decided July 29, 1997.

250

*John J. Brogan*, for plaintiff (*Brogan & Brogan, P.C.*, attorneys).

*Joseph Casello*, for defendants (*Broege, Neumann, Fisher & Shaver*, attorneys).

LOCASCIO, J.S.C.

The issue presented by this case is whether the filing of a chapter 7 bankruptcy petition discharges the record owner of a condominium unit, from liability for post-petition condominium assessments and fees.

Defendants, Adam and Gerard Zengel, are the record owners of condominium unit B–1, in the Tiffany by the Sea condominium complex. On July 6, 1993, Adam Zengel filed a voluntary chapter 7 bankruptcy petition.[1] Originally, plaintiff herein, Tiffany by the Sea Condominium Association, was inadvertently omitted from the petition, but on July 8, 1994 the bankruptcy court reopened the proceeding to include plaintiff as a creditor. As a result, defen-

---

[1] 11 *U.S.C.A.* secs. 701 to –728.

dant Adam Zengel's financial obligations, due and owing plaintiff, were discharged by his bankruptcy.

In January 1995, plaintiff initiated the within lawsuit seeking to recover condominium fees and assessments [2] arising after the July 6, 1993 bankruptcy petition. Plaintiff concedes that all amounts owed by defendant Adam Zengel, prior to July 6, 1993, have been discharged by defendant's December 23, 1993, bankruptcy discharge. In his answer, defendant Adam Zengel asserted his chapter 7 discharge in bankruptcy as an affirmative defense. Plaintiff now moves for summary judgment, against defendant Adam Zengel, in the amount of $20,623.11, representing post-petition condominium assessments, late fees, interest, and attorney fees. Defendant, Adam Zengel, cross moves for summary judgment, contending that his chapter 7 discharge released him from any personal liability for post petition condominium fees and assessments.

In order to appreciate the procedural and substantive issues presented by this case, it is necessary to understand the financial history of this property, which was deeded to defendants in return for plumbing services rendered by defendants in the construction of the Tiffany By the Sea condominium complex. The following mortgages and liens encumber defendants' condominium unit: (1) an August 10, 1988 mortgage in an amount of up to $150,000, in favor of L & H Plumbing and Heating Supplies, Inc.; (2) a December 19, 1988 mortgage, in the amount of $150,000, in favor of First National Bank of Toms River (FNBTR), which on May 22, 1996 was assigned to J & M Land Company (J & M); (3) an August 30, 1990 mortgage in the amount of $149,989.72 in favor of

---

[2] Pursuant to the master deed (Sections 5, 10, 16, and 17) and the condominium association by-laws (Article IV, Section 2 and Article VI, Sections 1, 4, and 6) each member of the Association, i.e. each separate unit owner, is assessed condominium expenses; the Association is empowered to collect those assessed expenses by various legal remedies.

FNBTR; (4) an August 10, 1992 judgment, in the amount of $972,701.24, in favor of FNBTR, entered against defendants and their business, A & J Zengel Inc.; (5) a July 27, 1993 township tax sale certificate, amounting to $5,173.91; on November 1, 1995 a *lis pendens* was filed to recover possession of the condominium unit because of this lien; (6) two federal tax liens: one in the amount of $23,657, filed on November 16, 1993, and one in the amount of $390, filed on August 23, 1994; and (7) a July 13, 1996 bail bond, in the amount of $2,500.00.

On October 5, 1993 the Federal Deposit Insurance Corporation (FDIC), as receiver for FNBTR, filed a proof of claim with the United States Bankruptcy Court, reflecting a total amount due and owing FNBTR of $1,027,980.28. A September 4, 1991 appraisal valued defendants' unit at $155,000. Therefore, as of the date of the filing of the within action, in January, 1995, because the liens exceeded the value of the property, there was no equity in defendants' condominium unit.

Presently, the trustee for J & M is foreclosing on the township tax sale certificate, as well as the December 19, 1988 mortgage assigned to J & M by FNBTR. Defendant, Adam Zengel, has not surrendered, and does not intend to exercise, his right to redemption. In fact, this defendant has certified that he will not attempt to forestall the foreclosure of the subject property and, in order to remove himself from the present litigation, would surrender his interest in the condominium unit.

Defendant Adam Zengel has never resided in, nor derived any rents from, the subject condominium. Defendant's brother, defendant Gerard Zengel, who has not appeared in the within litigation and is presently in default, resided in the condominium unit for an undetermined period of time until he moved out of state in April, 1996. Since that time, two friends of Gerard Zengel have occupied the condominium without paying rent or signing a lease agreement.

■ In order to reach the substantive issue involved in this case, this court must first decide the procedural question of the applicability of the 1994 amendments to the Bankruptcy Code, which added subsection 16 to section 523 [3]. If the 1994 amendments apply to the within action, because Adam Zengel (A.) neither physically occupied the unit, nor (B.) received any rent from the unit, plaintiff's motion for summary judgment would, of necessity, be denied, and defendant's cross motion would be granted. However, subsection 16 of section 523 applies only to cases commenced after October 22, 1994.[4] Therefore, this court finds that subsection 16 of section 523 of the Bankruptcy Code is inapplicable to defendant's July 6, 1993 bankruptcy petition.

Prior to the 1994 Bankruptcy Code amendments, three distinct lines of cases developed with respect to the issue of dischargeability of post-petition condominium fees and assessments. The first line of cases held that a discharge in bankruptcy would discharge a party from all personal liability for post-petition, as well as pre-petition, condominium assessments. *Matter of Rosteck*, 899 *F*.2d 694, 696–97 (7th Cir.1990). The court, in *Rosteck supra*, interpret-

---

[3] 11 *U.S.C.A.* Sec. 523 provides, in pertinent part:

   (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

   (....)

   (16) for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a dwelling unit that has condominium ownership or in a share of a cooperative housing corporation, but only if such fee or assessment is payable for a period during which—

   (A) the debtor physically occupied a dwelling unit in the condominium or cooperative project; or

   (B) the debtor rented the dwelling unit to a tenant and received payments from the tenant for such period,

   but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case.

[4] Bankruptcy Act of 1994, Pub.L. No. 103–394, sec. 702 (11 *U.S.C.A.* sec. 101 Note)

ed the bankruptcy code's definitions of "claim,"[5] and "debt"[6] to include a debtor's pre-petition agreement to pay those assessments, which could be discharged in bankruptcy.[7] *Id.* The second line of cases held that post-petition condominium assessments and fees are not discharged by a chapter 7 filing because they are not debts until each assessment becomes due. *In re Horton,* 87 *B.R.* 650, 652 (Bankr.D.Colo.1987). Specifically, the court in *Horton supra,* held that: "[u]nder the declarations and covenants, the Association does not have a 'right to payment' and hence, a claim-within the meaning of 11 *U.S.C.A.* Sec. 101(5)(A) until each monthly installment is due." *Id.* The court noted that "[t]he debtors took title to the unit with record and actual notice of the Declarations and Covenants [of the master deed and by-laws]; had they wished to escape liability for the post-petition assessments they could have conveyed the property." *Id.* The third line of cases held that in order to avoid liability for post-petition condominium assessments, a debtor must unequivocally surrender his ownership interests in the property. *See Matter of Pratola,* 152 *B.R.* 874, 877 (Bankr.D.N.J.1993) (finding a non-resident debtor's intent, to unequivocally surrender his interest in a condominium unit, was demonstrated by his attempt to deed the unit back to the mortgage holder.); *see also In re Ryan,* 100 *B.R.* 411, 416 (Bankr.N.D.Ill.1989) (noting that "[i]f the debtor retains possession of the unit and/or asserts an ownership interest in the

---

[5] The term "claim" is defined in 11 *U.S.C.A.* Sec. 101(5)(A), in pertinent part, as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured."

[6] The term "debt" is defined in 11 *U.S.C.A.* Sec. 101(12) as "liability on a claim."

[7] 11 *U.S.C.A.* Sec. 727(b) provides, in pertinent part:

"Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges all debts that arose before the date of the order for relief under this chapter."

property, the condominium declaration [to pay assessments] has not been rejected").

One New Jersey court has held that record owners who, within two months of filing for bankruptcy vacated the premises and *de facto* abandoned all interest in the association and in the condominium unit, are not responsible for post-petition condominium assessments and fees. *Alexandria at Hillsborough v. Cichowicz*, 262 *N.J.Super.* 65, 71, 619 *A.*2d 1047 (Law Div.1992). Although defendants, in *Alexandria, supra,* continued to be the owners of record, they derived no benefit from their ownership in that: (1) there was no equity in the condominium because the total liens exceeded the value of the unit; (2) defendants neither occupied the unit, nor rented it to any third party; (3) a judgment of foreclosure was entered and, although defendants did not surrender their right to redemption, they did not intend to exercise that right[8]; (4) the only action taken by defendants, with respect to the property, was paying $100 per year for liability insurance. *Id.* at 66–67, 619 *A.*2d 1047. The court noted that "[w]here there is no post-petition benefit to the bankrupt debtor, there is no personal liability for post-petition condominium assessments." *Id.* at 71, 619 *A.*2d 1047.

Plaintiff herein contends that defendant is responsible for post-petition assessments because: (1) pursuant to *In re Pratola, supra* and *In re Ryan supra,* defendant has not taken any steps to transfer his interest in the unit to any mortgage holder, lien holder, judgment creditor, or the condominium association; (2) by retaining the incidents of ownership in the unit, defendant has the legal right to rent the unit and receive income; (3) although there is no equity in the property, an arrangement could have been made enabling defendant to sell or transfer the property; and (4) defendant's retention of the unit signified a continued acceptance

---

[8] The court noted that if defendants exercised their right of redemption prior to the sheriff's sale, the redeemed property would be subject to the lien for the condominium assessments. *Alexandria at Hillsborough, supra,* 262 *N.J.Super.* at 71, 619 *A.*2d 1047.

of plaintiff's master deed and by-laws, including newly incurred liability for monthly condominium assessments.

Defendant, relying upon *Matter of Rosteck supra* and *Alexandria at Hillsborough supra,* contends that he is not personally liable for any post-petition condominium assessments because: (1) all assessments were discharged by the bankruptcy order; (2) pursuant to 11 *U.S.C.A.* § 101(5)(A), when defendant filed his bankruptcy petition, plaintiff's right to future assessments constituted a "claim" for unmatured assets which, pursuant to 11 *U.S.C.A.* § 727(b), became dischargeable "debts"; (3) although defendant is the record owner, he has constructively surrendered his rights in the property; (4) although co-defendant's friends occupy the condominium, defendant never lived there nor derived any rents or economic benefits from his ownership interest in the unit; and (5) in the pending foreclosure proceeding, because the property has no equity, defendant does not intend to exercise his right to redemption.

This court concludes that the right to collect future condominium assessments, although not presently assessed, constitutes a claim, within the meaning of 11 *U.S.C.A.* § 101(5)(A), which is a dischargeable debt, within the meaning of 11 *U.S.C.A.* § 727(b). This court holds that a non-resident record owner of a condominium unit, who derives no economic benefit from such ownership, is not liable for condominium assessments accruing subsequent to the filing of the owner's chapter 7 bankruptcy petition. Further, this court rejects plaintiff's proposition that, pursuant to *In re Pratola supra* and *In re Ryan supra,* defendant remains liable for post-petition assessment fees because he has not unequivocally surrendered his interest in the condominium unit. Although defendant remains the record owner of the unit, he has constructively surrendered his rights in the property, in that he: (1) has derived no economic benefit from his ownership of the unit; (2) neither resides in the unit nor collects rent from the friends of co-defendant, who are presently living in unit B–1; (3) will not derive any economic benefit in the future because the property has

no equity; and (4) does not intend to exercise any right to redemption, or forestall the pending foreclosure proceedings. *See Alexandria at Hillsborough supra,* 262 *N.J.Super.* at 71, 619 *A.*2d 1047. Moreover, because defendant has no control over the FDIC's pending foreclosure proceeding, his continued retention of record ownership does not imply an acceptance of plaintiff's master deed and by-laws. Therefore, the contention that defendant should be liable for fees and assessments up until the date the property is foreclosed, is practically unsound and legally without merit. Finally, the contention that defendant could have sold or transferred the property to avoid post-petition assessments is without merit; the previously enumerated liens and mortgages encumbering the property, make it unrealistic to expect anyone to purchase unit B–1.

For the reasons set forth herein, this court finds that because "there is no post-petition benefit to the bankrupt debtor, there is no personal liability for post-petition condominium assessments." *Alexandria at Hillsborough, supra,* 262 *N.J.Super.* at 71, 619 *A.*2d 1047. The policy underlying the bankruptcy code justifies this conclusion because: "[t]he 'fresh start' benefit of a bankruptcy discharge of obligation would be thwarted if the court were to find a continuing personal obligation for post-petition condominium assessments." *Id.* at 71, 619 *A.*2d 1047.

Therefore, this court concludes that defendant, Adam Zengel, is not personally liable to plaintiff for any post petition condominium fees and assessments on unit B–1. Plaintiff's motion for summary judgment against defendant is therefore denied; defendant's cross motion for summary judgment is granted.